**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORIS RIVERA-MELENDEZ; BRAYAN ANTONIO ARRIAGA-RIVERA, Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 24-643 Agency Nos. A220-590-603 A220-590-604 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Lead petitioner Noris Rivera-Melendez, and her minor child, Brayan

Antonio Arriaga-Rivera, natives and citizens of El Salvador, petition for review of

the Board of Immigration Appeals' ("BIA") dismissal of their appeal of the

Immigration Judge's ("IJ") denial of their applications for asylum, withholding of

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). The minor child seeks asylum as a derivative beneficiary; however, he is not entitled to derivative claims for withholding of removal or CAT protection. We have jurisdiction under 8 U.S.C. § 1252. We review denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). As such, we must uphold a denial unless a "reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. To be eligible for asylum, Rivera-Melendez must establish either past harm rising to the level of persecution or a well-founded fear of future persecution on account of a protected ground.[1] *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021).

Rivera-Melendez contends that she experienced persecution when accused of "working for the rival gang" by gang members in her grandmother's

---

[1] We have alternately reviewed de novo or for substantial evidence "whether particular acts constitute persecution for purposes of asylum." *Singh v. Garland*, 97 F.4th 597, 603 (9th Cir. 2024); *see also Lapadat v. Bondi*, 128 F.4th 1047, 1055 (9th Cir. 2025) (noting that "our standard of review for past-persecution determinations appears to be in flux"). The Supreme Court has recently granted certiorari to address the appropriate standard of review. *See Urias-Orellana v. Bondi*, No. 24-777, 2025 WL 1787712 (U.S. June 30, 2025). We need not resolve this tension because Rivera-Melendez's asylum claim fails under either standard.

neighborhood. While threats alone may amount to persecution in an "extreme" case, mere unspecific threats are insufficient to rise to the level of persecution. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (holding that multiple vague threats did not constitute persecution where there was no violence nor any attempt to perform the threatened acts). Here, there is no evidence to suggest any threats beyond the gang members' accusation that she was working for a rival gang. Furthermore, Rivera-Melendez testified that she did not experience any harm in El Salvador. As such, Rivera-Melendez cannot establish past persecution.

Additionally, Rivera-Melendez failed to show a well-founded fear of future persecution. A well-founded fear of future persecution requires both a subjective fear and an objectively reasonable possibility of persecution. *Duran-Rodriguez*, 918 F.3d at 1029. Rivera-Melendez testified that she has concerns about the high level of crime in El Salvador. However, generalized violence does not constitute an objectively reasonable fear of future persecution unless Rivera-Melendez can establish she was singled out beyond the general El Salvador population. *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021). While Rivera-Melendez expresses a subjective fear, there is no evidence to suggest harm beyond the general El Salvador population, particularly since her parents and siblings remain unharmed in El Salvador.

Because Rivera-Melendez cannot establish past persecution or a well-founded fear of future persecution, she is not eligible for asylum.

2. To be eligible for withholding of removal, Rivera-Melendez must establish a clear probability of future persecution. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). Because Rivera-Melendez cannot meet the well-founded fear of persecution required for asylum, she also necessarily cannot meet the more stringent clear probability standard for withholding of removal. *See Duran-Rodriguez*, 918 F.3d at 1029. As such, substantial evidence supports the BIA's conclusion that Rivera-Melendez is not eligible for withholding of removal.

3. To be eligible for CAT protection, Rivera-Melendez must establish, among other criteria, a clear probability of torture by or with the acquiescence of a Salvadoran official. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Rivera-Melendez contends that the El Salvadoran government is unable to protect her from persecution and that the country condition report demonstrates police acquiescence to crimes by private individuals and organized crime groups. However, Rivera-Melendez must establish a particularized risk of future torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) (stating that a petitioner cannot establish a CAT claim if they cannot demonstrate that they are more likely to experience crime than the general populace).

24-643

Here, there is no evidence that Rivera-Melendez faces a particularized risk of torture since the country condition report indicates that any person who enters a rival gang's territory risks harm. Moreover, although the country condition report demonstrates a generalized risk of violence, that is insufficient to warrant CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (stating that generalized evidence of crime is not evidence of a particularized risk of harm). As such, substantial evidence supports the BIA's conclusion that Rivera-Melendez is not eligible for CAT protection.

4. The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.